IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

Steven L. Cole, for himself, and on behalf of similarly Situated Individuals, et al.
(Enter the full name of the plaintiff.)

CIV-20 655 G

v.

Case No. _____
(Court Clerk will insert case number)

(1) Scott Crow, Director, et al,

(2) Kristin Tims, Sentence Admin.

(3) Lonnie Lawson, Warden

(4) Donna McCaslin, Casemanager Spvr
(Enter the full name of each defendant. Attach additional sheets as necessary.)

## PRO SE PRISONER CIVIL RIGHTS COMPLAINT

### Initial Instructions

1. You must type or legibly handwrite the Complaint, and you must answer all questions concisely and in the proper space. Where more space is needed to answer any question, you may attach a separate sheet.

2. You must provide a full name for each defendant and describe where that defendant resides or can be located.

3. You must send the original complaint and one copy to the Clerk of the District Court.

4. You must pay an initial fee of $400 (including a $350 filing fee and a $50 administrative fee). The complaint will not be considered filed until the Clerk receives the $400 fee or you are granted permission to proceed *in forma pauperis*.

5. If you cannot prepay the $400 fee, you may request permission to proceed *in forma pauperis* in accordance with the procedures set forth in the Court's form application to proceed *in forma pauperis*. See 28 U.S.C. § 1915; Local Civil Rule 3.3.

Rev. 10/20/2015

- If the court grants your request, the $50 administrative fee will not be assessed and your total filing fee will be $350.

- You will be required to make an initial partial payment, which the court will calculate, and then prison officials will deduct the remaining balance from your prison accounts over time.

- These deductions will be made until the entire $350 filing fee is paid, **regardless of how the court decides your case.**

7. The Court will review your complaint before deciding whether to authorize service of process on the defendants. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). If the Court grants such permission, the Clerk will send you the necessary instructions and forms.

8. If you have been granted permission to proceed *in forma pauperis*, the United States Marshals Service will be authorized to serve the defendants based on information you provide. If you have not been granted permission to proceed *in forma pauperis*, you will be responsible for service of a separate summons and copy of the complaint on each defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## COMPLAINT

I. **Jurisdiction is asserted pursuant to:**

    ✓ 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (NOTE: these provisions generally apply to state prisoners), or

    ___ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (NOTE: these provisions generally apply to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below: ~~A~~ - Title 57 O.S. § 115 and Title 57 O.S. § 138,

II. State whether you are a:

☑ Convicted and sentenced state prisoner

___ Convicted and sentenced federal prisoner

___ Pretrial detainee

___ Immigration detainee

___ Civilly committed detainee

___ Other (please explain) _____

III. Previous Federal Civil Actions or Appeals

List each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility.

1. Prior Civil Action/Appeal No. 1

   a. Parties to previous lawsuit:

      Plaintiff(s): _____N/A_____

      Defendant(s): _____N/A_____

   b. Court and docket number: _____N/A_____

   c. Approximate date of filing: _____N/A_____

   d. Issues raised: _____N/A_____

   e. Disposition (for example: Did you win? Was the case dismissed? Was summary judgment entered against you? Is the case still pending? Did you appeal?): _____N/A_____

   f. Approximate date of disposition: _____N/A_____

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on a separate sheet(s).

Rev. 10/20/2015

IV. **Parties to Current Lawsuit**

State information about yourself and each person or company listed as a defendant in the caption (the heading) of this complaint.

1. Plaintiff

   Name and any aliases: Stevens L. Cole

   Address: WSKCC - P.O. Box 61, Ft. Supply, Okla. 73841

   Inmate No.: 143737 - State

2. Defendant No. 1

   Name and official position: Scott Crow - Director of The Oklahoma Dept. of Corrections

   Place of employment and/or residence: Dept. of Corr. 3400 N. Martin Luther King Ave, OKC, OK. 73111-4298

   How is this person sued? ( ) official capacity, ( ) individual capacity, (X) both

3. Defendant No. 2

   Name and official position: Kristin Tims - Manager Sentence Administration - Okla. Dept. of Corrections

   Place of employment and/or residence: Dept. of Corrections - 3400 N. Martin Luther King Ave. - OKC, OK. 73111-4298

   How is this person sued? (✓) official capacity, ( ) individual capacity, ( ) both

If there are more than two defendants, describe the additional defendants using this same format on a separate sheet(s).

4. Defendant No. 3

Name and official position: Lonnie Lawson, Warden, William S. Key Correctional Center

Place of employment and/or residence: William S. Key Correctional Center, P.O. Box 61, Fort Supply, OK. 73841

How is this person sued? (✓) official Capacity, ( ) individual capacity, ( ) both

5. Defendant No. 4

Name and official position: Donna McCaslin, Casemanager Supervisor, William S. Key Correctional Center

Place of employment and/or residence: William S. Key Correctional Center, P.O. Box 61, Fort Supply, OK. 73841

How is this person sued? (✓) official capacity, ( ) individual capacity, ( ) both

V.  **Cause of Action**

<u>Instructions</u>

1. *Provide a short and plain statement of each claim.*

    - Describe the facts that are the basis for your claim.

    - You can generally only sue defendants who were directly involved in harming you. Describe how each defendant violated your rights, giving dates and places.

    - Explain how you were hurt and the extent of your injuries.

2. *You are not required to cite case law.*

    - Describe the constitutional or statutory rights you believe the defendant(s) violated.

    - At this stage in the proceedings, you do not need to cite or discuss any case law.

3. *You are not required to attach exhibits.*

    - If you do attach exhibits, you should refer to the exhibits in the statement of your claim and explain why you included them.

4. *Be aware of the requirement that you exhaust prison grievance procedures **before** filing your lawsuit.*

    - If the evidence shows that you did not fully comply with an available prison grievance process prior to filing this lawsuit, the court may dismiss the unexhausted claim(s) or grant judgment against you. *See* 42 U.S.C. § 1997e(a).

    - Every claim you raise must be exhausted in the appropriate manner.

5. *Be aware of any statute of limitations.*

    - If you are suing about events that happened in the past, your case may be subject to dismissal under the statute of limitations. For example, for many civil rights claims, an action must be brought within two years from the date when the plaintiff knew or had reason to know of the injury that is the basis for the claim.

6. *Do not include claims relating to your criminal conviction or to prison disciplinary proceedings that resulted in loss of good time credits.*

- If a ruling in your favor "would necessarily imply the invalidity" of a criminal conviction or prison disciplinary punishment affecting the time served, then you cannot make these claims in a civil rights complaint unless you have already had the conviction or prison disciplinary proceeding invalidated, for example through a habeas proceeding.

Claims

List the federal right(s) that you believe have been violated, and describe what happened. Each alleged violation of a federal right should be listed separately as its own claim.

1. **Claim 1:**

    (1) List the right that you believe was violated:

    Violation of Equal Treatment - 14th Amendment U.S.C.A.

    (2) List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

    Scott Crow - Director, Kristin Tims - Manager Sentence Administration, Lonnie Lawson - Warden WSKCC, Donna McCaslin - Case Manager Supv.

Rev. 10/20/2015

(3) List the supporting facts:

The employment of 85% sentences, 50% sentences, and the step-down program under Title 57 O.S. §115 and program eligibility, etc. Using a silent 100% to serve a my discharge date.

(4) Relief requested: (State briefly exactly what you want the court to do for you.)

To required the Dept. of Corrections to recognize my 85% date as my final day and calculate that day in conjunction with my program eligibility. To

(SEE ATTACHED)

2. **Claim II:**

(1) List the right that you believe was violated:

Violation of Procedural Due Process - 5th and 14th Amendment. U.S.C.A.

(2) List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

Scott Crow - D.O.C. Director, Kristin Tims - Mgr. Sentence Admin. Lonnie Lawson - Warden William S. Key CC. Donna McAslin - Records WSKCC.

(3) List the supporting facts:

By using my 100% as projected discharge date and accumulating earned credits to apply when I reach 85% approx. 3224 days I am being deprived of procedural due process to prepare me for the street. ⟨SEE ATTACHED⟩

(4) Relief requested: (State briefly exactly what you want the court to do for you.)

To AMEND THE CALCULATION SYSTEM of service to properly use my accumulated credits. There will be approx. 2600 DAYS THAT Remain to be applied. ⟨See Attached⟩

If there are more than two claims that you wish to assert, describe the additional claims using this same format on a separate sheet(s).

## VI. Declarations

I declare under penalty of perjury that the foregoing is true and correct.

_Steven L. Cole_ _____          _7-3-20_____
Plaintiff's signature                              Date


I further declare under penalty of perjury that I placed this complaint in the prison's legal mail system, with the correct postage attached, on the _6th_ day of _July_, 2020.

_Steven L. Cole_ _____          _7-6-20_____
Plaintiff's signature                              Date

Rev. 10/20/2015

3. Claim III:

(1) List the right that you believe was violated: Violation of the 8th Amendment Right of the U.S.C.A. to imposed excessive punishment outside the court imposed punishment for the offense committed.

(2) List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

LONNIE LAWSON - WARDEN at William S. Key

Donna M<sup>c</sup>Caslin - Records officer at William S Key

(3) List the supporting facts: (SEE ATTACHED)

(4) Relief requested: (State briefly exactly what you want the court to do for you.) GRANT and issue an order to correct the hazardous, unsanitary conditions or CONDEMN WILLIAM S. KEY Com. Center, C-unit, Kitchen, etc. AND PREPARE A LIST OF INMATES IN DANGER OF ⟨SEE ATTACHED⟩ COVID-19, immune SENSITIVE and elderly.

4. Claim IV:
(1) List the right that you believe was violated:




(2) List the defendant(s) to this claim: (If you have sued more than one defendant, specify each person or entity that is a defendant for this particular claim.)

Statement of Case

Petitioner Steven L. Cole submits under penalty of perjury the foregoing and attached are true and correct. By the attached exhibits #1 thru #11 this court can see a chronological pattern of inconsistent application of sentence administration. Any offender mandated to serve a required amount of time prior to being eligible for earned credits or parole consideration does not fall within the scope of program participation or community corrections. They are required to do the mandated percentage in the custody of the Department of Corrections it does not specify the level it must be served. Thus, Petitioner Steven L. Cole and others similarily situated are being deprived of equal treatment guaranteed by the 14th Amendment of the Constitution. This sustains the merits of CLAIM #1.

CLAIM #2

By the facts revealed above Procedural Due Process is violated at every turn. Dept. of Corr. (Scott Crow-director, Kristin Tims-Sent. Admin. @ D.O.C Headquarters and Lonnie Lawson-Warden and Donna McClasin-Records here @ WSKCC) work hand in hand to divert responsibility in answering a needed question about his projected discharge date. As shown on the back of the Attached Consolidated Record Card (CRC)

UNDER THE COLUMNS DESCRIBING EARNED and OTHER- ARE EARNED CREDIT NOT AVAILABLE TO OFFENDER Steven Cole yet they are entered every month. EACH CREDIT IS EQUIVALENT TO ONE DAY DEPENDING ON THE CURRENT LEVEL FOR OFFENDERS BEHAVIOR, i.e.- Level 4 = 10 DAYS PHYS. SERVED PER MONTH. THIS IS ON THE 85% CRIMES ON the 45%, 50% and others these accumulated CREDITS ARE NOT AVAILABLE AT ALL, YET, THE Dept. OF CORRECTIONS REQUIRE OFFENDER TO PARTICIPATE WITH NO REWARD. IT IS CLEAR THAT THE TRUTH IN SENTENCING ACT OF 1997 HAS NOT BEEN PROPERLY IMPLEMENTED NOR UNDERSTOOD, VIOLATING THE Procedural Due Process Clause of the 14th Amendment by deprivation of LIBERTY.

Claim #3

THE 8th Amendment Right of the U.S.C.A. protects prisoners from cruel and unusual PUNISHMENT OUTSIDE THE COURT IMPOSED PUNISHment for the crime committed. Here at William S. Key Corr. Center the OFFENDERS HOUSED IN C-unit are daily in danger of HEALTH HAZARDS COVID-19 EXPOSURE, UNSANITARY CONDITIONS, i.e. 1-toilet per 20 INMATES, 1-LAVATORY per-20 inmates, 1-SHOWER per-22 INMATES, LEAKING CEILING, BLACK MOLD, SEWAGE a CONSTANT Problem. No MAKE

-3-

AIR AND IMPROPER Ventilation, No air conditioning, INADEQUATE HEATING. FURTHER, IN VIOLATION OF NFPA 13 means of EGRESS, there is only ONE (1) door on the 1st Floor approx. 250 ft. from the closest bunk and it is locked by officers all times except for CHOW. After hours and during daytime work hours THE FIRE ALARM IS MANUALLY SILENCED BECAUSE IT ANNOYS STAFF and All sprinkler heads are OVER EIGHT (8) YEARS OLD. THE PROBLEM IS ALWAYS SWEPT UNDER THE RUG.

THERE ARE SEVEN (7) PHONES FOR 240 inmates obstructing any PREA complaints and every time you REPORT AN ISSUE THE ALL FEMALE STAFF IN C-Unit personally retaliate. They refuse to announce "FEMALE ON THE POD" WHEN ENTERING THE LIVING area of MALE OFFENDERS. THE WARDEN LONNIE LAWSON ACTUALLY DOES NOT INVESTIGATE OR CHANGE THIS SITUATION. THIS IS A MINIMUM SECURITY FACILITY WITH ABSOLUTELY NO STRUCTURED OPERATION.

Closing

THIS IS JUST A SMALL CROSS-SECTION OF THE CONSTITUTIONAL VIOLATIONS IMPOSED BY THE DIRECTOR, Sentence Admin., Warden, and CASE Mgr. Supervisor.

Respectfully
x *Steven L. Cole*
STEVEN Cole

More evidence & info Available

## Summary

Based on the foregoing statement of claims Petitioner Steven L. Cole on behalf of himself and on behalf of others simularily situated state to this honorable court that all administrative remedies have been exhausted. Petitioner Steven L. Cole on behalf of himself and on behalf of others simularily situated hereby ask this court to grant in favor of petitioners and commence service on this class action § 1983.

By my hand this 6th day of July, 2020

Respectfully Submitted,

x *Steven L. Cole*
Steven L. Cole, Pro Se.